# IN THE COURT OF APPEALS OF IOWA

No. 24-1479
Filed January 28, 2026

**State of Iowa,**
Plaintiff–Appellee,

v.

**Stacia Marae Monnahan,**
Defendant–Appellant.

Appeal from the Iowa District Court for Scott County,
The Honorable Henry W. Latham, Judge.

**AFFIRMED**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, attorneys for appellee.

Considered without oral argument
by Ahlers, P.J., Buller, J., and Vogel, S.J.
Opinion by Vogel, S.J.

**VOGEL, Senior Judge.**

We must determine whether a criminal defendant is entitled to a delayed appeal and, if so, whether sufficient evidence supports her convictions for carrying a dangerous weapon by a person ineligible and possession of marijuana. We grant a delayed appeal and find there was sufficient evidence to support the defendant's convictions. For those reasons, we affirm.

## I. Background Facts and Proceedings.

Early in the morning on February 10, 2023, Stacia Monnahan was driving her vehicle on Interstate 80 in Scott County. A state trooper clocked Monnahan driving seven miles over the posted speed limit. The trooper also noticed Monnahan's vehicle had improper front window tinting and no functioning light above her license plate. The trooper decided to initiate a traffic stop.

Upon approaching Monnahan's vehicle, the trooper noticed that Monnahan and her passenger both had red conjunctiva of the eyes and there was a strong odor of burnt marijuana coming from the vehicle. The trooper also saw what appeared to be a marijuana joint sticking out of an ashtray in a center-console cupholder. The joint later field-tested positive for marijuana.

The trooper called for backup to assist with his investigation. Once backup arrived, the trooper asked Monnahan to exit the vehicle and whether she had any weapons. Monnahan disclosed she had a gun under the driver's seat of the vehicle.

The trooper then searched Monnahan's vehicle. The search revealed the gun, marijuana residue throughout the vehicle, and opened bottles of liquor in the backseat.

After the search, the trooper questioned Monnahan in his patrol vehicle. Monnahan admitted she had drunk some liquor and smoked part of the marijuana joint around 7:30 p.m. the night before, but she denied being intoxicated. Monnahan denied buying the marijuana but admitted to smoking it. The trooper could smell the odor of marijuana coming from Monnahan inside his patrol car, and she had a green-tinged tongue and burnt taste buds in the back of her mouth, which the trooper, based on his training and experience, associated with recent marijuana usage. The trooper suspected Monnahan was under the influence of marijuana at the time.

Monnahan and her passenger were transported to the Scott County Jail. At the jail, the passenger was found to be in possession of a bag of marijuana. The trooper administered field sobriety tests to Monnahan in the sallyport of the jail. Monnahan showed signs of impairment while participating in the tests. Monnahan refused chemical testing, telling the trooper, "I know I smoked weed."

The bag of marijuana found in the passenger's possession was later chemically tested by the Iowa Division of Criminal Investigation (DCI). DCI testing confirmed that the substance in the bag was marijuana. The DCI did not perform chemical testing on the joint.

Monnahan was charged with: (1) operating while intoxicated, (2) possessing or carrying a dangerous weapon while under the influence, (3) carrying a dangerous weapon by a person ineligible, and (4) possession of a controlled substance. A jury convicted Monnahan of carrying a dangerous weapon by a person ineligible and possession of marijuana. The jury found Monnahan not guilty of the other two offenses.

Monnahan had thirty days to appeal her conviction. Although she wanted to appeal her conviction, her counsel failed to file a notice of appeal before the deadline.

On October 27, approximately three months after the expiration of the appeal deadline, Monnahan filed an application for postconviction relief (PCR) claiming ineffective assistance of counsel based on counsel's failure to file a notice of appeal. Monnahan argued she was not advised of her appellate rights and she was prejudiced because she was denied appellate review of her convictions.

In the PCR action, the State filed a motion for summary disposition in Monnahan's favor, conceding that it could not refute Monnahan's claim of ineffective assistance. The State found "no evidence the assigned defense attorney . . . made any effort" to file a notice of appeal that "Monnahan clearly desired."

On September 6, 2024, the district court granted Monnahan's PCR application and gave her an additional thirty days to file a notice of appeal in her underlying criminal case. In accordance with the PCR court's order, Monnahan now brings this direct appeal of her criminal convictions.

## II. Timeliness of Appeal.

We first consider whether we have jurisdiction to hear Monnahan's delayed appeal.[1] "It is a fundamental principle of our jurisprudence that a

---

[1] We think there is a lurking question about whether a district court may grant a delayed appeal, as the postconviction court purported to do here, or whether that relief is only available from an appellate court. The postconviction relief statute does not expressly grant such a power to a postconviction court. *See* Iowa Code § 822.7. And at least one federal court interpreting a similar statute concluded that the mechanism by which a district court can address this issue is through vacating the final judgment of

court has the inherent power to decide if it has subject matter jurisdiction over a matter." *State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022) (citation omitted). "Once a jurisdictional question has been raised, the court must examine the grounds for the assertion of its appellate jurisdiction before proceeding further." *Id.*

"An appeal from a final judgment of sentence is initiated by 'filing a notice of appeal with the clerk of the district court where the order or judgment was entered.'" *State v. Jackson-Douglass*, 970 N.W.2d 252, 254 (Iowa 2022) (quoting Iowa R. App. P. 6.102(2)). "The 'notice of appeal must be filed within 30 days after the filing of the final order or judgment.'" *Id.* (quoting Iowa R. App. P. 6.101(1)(b)). "This rule is 'mandatory and jurisdictional.'" *Id.* (citation omitted). "If a party does not timely file a notice of appeal, the court has no jurisdiction over the appeal and the matter must be dismissed." *Id.*

The Iowa Supreme Court has, however, allowed "a delayed appeal where the defendant expressed a good faith intent to appeal before the appeal deadline but failed to timely perfect the appeal due to state action or circumstances beyond the defendant's control." *Id.* "[C]ounsel's failure to file a notice of appeal after the defendant unequivocally expressed an intent to do so is a circumstance outside the defendant's control and serves as grounds for allowing delayed appeal." *Id.* at 255.

---

sentence and entering a new judgment, thus restarting the appeal clock. *See United States v. West*, 240 F.3d 456, 460 (5th Cir. 2001). Here, we ultimately need not decide whether the postconviction court exceeded its authority because Monnahan filed an application for delayed appeal in the criminal case, and we elect to grant that application. And we note that this procedural approach is generally consistent with the recommendations of the parties on appeal, including the State. We express no view on whether other facts or circumstances would warrant a different approach in the future.

The record before us regarding Monnahan's desire to appeal her conviction during the appeal period is sparse. However, during Monnahan's PCR case, the State acknowledged that it could not refute Monnahan's claim of ineffectiveness and that Monnahan "clearly desired" to appeal her conviction. The district court granted the State's motion for summary disposition based on the representations in the State's motion. On appeal, Monnahan requested a delayed appeal from our supreme court and the court ordered the request be submitted with the appeal. With our appellate jurisdiction, we find that Monnahan expressed a good faith intent to appeal her convictions before the appeal deadline, but her counsel failed to timely file the notice of appeal, which was outside of Monnahan's control. For that reason, we grant the delayed appeal, and we next consider its merits.

### III. Sufficiency of the Evidence.

A jury convicted Monnahan of carrying a dangerous weapon by a person ineligible and possession of marijuana. Because Monnahan does not dispute she was in possession of a gun, both of her convictions turn on whether there is sufficient evidence that she possessed marijuana.[2] On appeal, Monnahan argues that the DCI did not chemically analyze the joint, so there is insufficient evidence the joint was, in fact, marijuana.

We review challenges to the sufficiency of the evidence "for the correction of errors at law." *State v. Slaughter*, 3 N.W.3d 540, 546 (Iowa

---

[2] According to the district court's marshalling instruction, to convict Monnahan of carrying a dangerous weapon by a person ineligible, the State was required to prove, in part, that Monnahan "illegally possessed a controlled substance, to-wit: marijuana." *Accord* Iowa Code § 724.8B (2023). To prove possession of marijuana, the State was required to prove that Monnahan knowingly or intentionally possessed marijuana. *See* Iowa Code § 124.401(5).

2024). "We view the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.* (cleaned up). "[W]e are highly deferential to the jury's verdict" and are bound by the verdict when there is substantial evidence to support it. *Id.* (citation omitted).

"We have always recognized that, for a person to be convicted of a drug offense, the State is not required to test the purported drug." *State v. Brubaker*, 805 N.W.2d 164, 172 (Iowa 2011), *abrogated on other grounds by*, *State v. Crawford*, 972 N.W.2d 189 (Iowa 2022). "The finder of fact is free to use circumstantial evidence to find that the substance is an illegal drug." *Id.* "Circumstantial evidence is equally probative as direct evidence for the State to use to prove a defendant guilty beyond a reasonable doubt." *Id.*

Viewing the facts in the light most favorable to the State, we find there was substantial evidence for the jury to conclude that Monnahan was in possession of marijuana. The vehicle belonged to Monnahan, and the joint was found in an ashtray in the center console of her vehicle within her reach. The joint field tested positive for marijuana. There was marijuana residue throughout Monnahan's vehicle, which the trooper identified based on his training and experience. The vehicle smelled of burnt marijuana, as did Monnahan. She admitted to having smoked marijuana at some point in the hours before the stop, and she had red conjunctiva of the eyes, a green-tinged tongue, and burnt tastebuds at the back of her mouth. Field sobriety testing showed indicators of impairment. According to the trooper, based on his training and experience, all of these signs pointed to recent marijuana use. For all of those reasons, there is substantial evidence in the record that could

convince a jury that Monnahan was guilty beyond a reasonable doubt.  We therefore affirm Monnahan's convictions.

**AFFIRMED.**